ALBANY,
Feb, 1824.

Emmet
v
Bradstreet.

EMMET *against* BRADSTREET.

Arrest on process not bailable.

The sheriff arrested the defendant on a *cap. ad resp.* not bailable, and on her refusing to endorse her appearance, he suffered her to go at large, and returned *cepi corpus;* and, on motion in his behalf the court ordered common bail filed.

AT the last term, on affidavits that a *capias ad respondendum* had issued without an *ac etiam,* on which the defendant had been arrested but refused to endorse her appearance, and on motion in behalf of the plaintiff, a rule was obtained that she show cause at this term why she should not file common bail, or that the plaintiff have leave to file it for her.

*S. A. Foot,* for the motion.

*J. L. Tillinghast & Talcott,* (Attorney General,) now showed cause. They read affidavits by which it appeared that the defendant has been arrested in the county of Delaware, and that she offered to procure special bail or go to jail, but refused to endorse her appearance on the *capias;* and the Sheriff of that county, after detaining her in custody for a day or two, suffered her to go at large. She had been arrested by a special deputy who was deputed to serve the process, at the risk and request of the plaintiff; but after the arrest he delivered her over into the personal custody of the Sheriff. The Sheriff returned the *capias, cepi corpus.*

They remarked that the form of the process in this Court was brought over from the K. B. which originally had cognizance of no actions except those for breaches of the peace. Other actions belonged to the Common Pleas. Ultimately, however, the K. B. allowed arrests of any one upon their process for trespass, and on being brought into Court, the plaintiff might declare in what action he pleased; and there was no provision that the Sheriff should let the defendant go at large upon his giving sureties. Then came the statute (Hen. 6. c. 10,) allowing bail in certain cases; but it could not be executed in relation to the process of the K. B. because that did not always specify the true cause of action. Hence the statute (13 Car. 2, st. 2, c. 2,) which provided that the Sheriff should have no power to exact bail

ALBANY,    except where the cause of action should be truly expressed
Feb. 1824. in the process.   To satisfy this statute, the *ac etiam* was
Emmet      introduced.   It was adopted by this Court, and our statutes
v.         on this subject are similar to those of England.  (1 R. L.
Bradstreet. 423, 4.)   By the 13th section, the Sheriff is required
to let out on bail all persons arrested by him on process
in any personal action.   By the 14th section, if the true
cause of action is not expressed in the process, the Sheriff
is to let the defendant out of custody on his endorsing an
appearance.   Without the last section, the Sheriff would
have been bound to let the defendant out of custody, on her
giving bail.   This section, requiring an appearance only to
be endorsed, was intended for the personal benefit of the
defendant; and the party may, notwithstanding, waive
that benefit, and give bail, or go to jail.   She had an elec-
tion out of three courses : to give special bail, to endorse her
appearance, or to go to jail.   There are particular modes
of proceeding against prisoners, which the defendant might
have wished to avail herself of.   The plaintiff has no right
to complain.   The writ was served by a special deputy,
appointed at his risk, and on his request.   As to the Sher-
iff, he voluntarily permitted the defendant to go at large;
and he comes here with an ill grace to ask the favor of being
saved from a suit for this wilful neglect.   He is without ex-
· cuse, for the defendant was willing, and offered to go to jail.
In England, the Court will grant the Sheriff no favor, where
he has voluntarily suffered the defendant to go at large
without bail.   (*Fuller* v. *Prest*, 7 T. R. 109.   The *King*
v. *Sheriff of Surry*, id. 239.)   The difficulty was, in this
case, incurred by his own refusal to take bail, or his volun-
· tary neglect to carry the defendant to jail.   Our statute in
relation to the right of the plaintiff to file common bail, is
the reverse of the English.   With us the plaintiff can ap-
pear for the defendant only when special bail is required.
(1 R. L. 324.) · Nothing appears, to show that the Sheriff
is not perfectly responsible.   Let the plaintiff take his rem-
edy against him.

[SUTHERLAND, J.   But suppose the Sheriff to have mis-
conceived his duty, ought we not to relieve him by setting

the proceedings right in point of form, where no possible injury can arise to the defendant?]

ALBANY,
Feb. 1824.

Emmet
v.
Bradstreet.

There is no pretence but that other process may be served on the defendant. Here is no misapprehension of duty alleged. It is not pretended that the Sheriff did not know he could carry the defendant to jail, and detain her till she endorsed an appearance. In reality, it is a voluntary escape.

[WOODWORTH, J. If a bail bond had been given, could the plaintiff have required special bail? If not, then the entering an appearance now, is doing precisely what the defendant might have done, had the Sheriff acceded to the offer of a bail bond. I apprehend that entering an appearance with the Clerk would have fulfilled the condition of the bail bond, taken under these circumstances.

SUTHERLAND, J. I am not prepared to say that because an obstinate old woman refuses to endorse her appearance, the Sheriff is bound to take her to jail. If he prefer letting her go, and comes here for relief, in a case where she cannot possibly be prejudiced, I see no good reason why we should not order an appearance to be entered.

SAVAGE, Ch. J. What injury can possibly arise to the defendant from this rule? I do not see what object there is in opposing it.]

We do not wish to pay the costs of these proceedings. They were irregular from the first; and the expense should fall upon the one who committed the irregularity.

[WOODWORTH, J. The defendant offered to give bail to the Sheriff, which was refused. The Sheriff took a course which was less rigid, than the one offered. It seems to me, that to deny this rule would be to allow *form* to prevail over *substance*.]

Though the Sheriff let the defendant out of custody without bail, if he have her at the return of the writ, it is enough;

but the Courts will hold him strictly to his duty. The She, riff should have retaken the defendant. The letting a defendant go without taking bail, is not such a voluntary escape as will prevent the Sheriff from retaking him, and having his body at the return of the process. (Per Ashurst, J. in 7 T. R. 239.)

WOODWORTH, J. I think it inferable from the circumstances of this case that the Sheriff misconceived the precise line of conduct which he had a right to pursue in order to compel the endorsement of an appearance.

Rule absolute.